UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 14- 82228 |
| | ) | |
| Vicente Sandria and Reyna Nestor | ) | Judge: Hon. Thomas M, Lynch |
| | ) | |
| Debtors, | ) | Chapter 13 |

To:

See service list

## NOTICE OF MOTION

YOU ARE HEREBY NOTIFIED that on December 9, 2016, at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Thomas M. Lynch, of the United States Bankruptcy Court, in Courtroom 3100 of the Stanley J. Roszkowski United States Courthouse, 327 South Church Street, Rockford, IL 61101, or any other judge sitting in his place, and shall there and then present the attached Motion for a Final Decree, a copy of which is hereby served upon you.

Date: October 27, 2016

/s/ Arturo P. Gonzalez
Debtor's Attorney

Arturo P. Gonzalez
Law Offices of Arturo P. Gonzalez
920 Davis Road, Suite 100
Elgin, IL 60120
847-841-7100
847-841-7200 fax

## CERTIFICATE OF SERVICE

I, Arturo P. Gonzalez, certify that I served the above notice on the parties listed above by electronic notice where indicated, or by first class mail by depositing with the United States Postal Service, postage prepaid, prior to 5:00 p.m. this 27th day of October, 2016.

/s/ Arturo P. Gonzalez
Arturo P. Gonzalez

Service list:

Ocwen Loan Servicing, LLC
Attn.: Ronald M. Faris, LLC Manager
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Via regular and certified mail

Ocwen Loan Servicing, LLC
c/o Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703
Via certified and regular mail

HSBC Bank, USA, NA
c/o Caleb J. Halberg
Potestivo & Associates, PC
223 W. Jackson Blvd., Suite 610
Chicago, IL 60606

HSBC Bank USA, N. A.
Attn.: Patrick Burke, President and CEO
and succeeding Irene Dorner, date uncertain
1800 Tysons Blvd.
McLean, VA 22102
Via certified and regular mail

Mortgage Electronic Registration Systems, Inc.
c/o Genpact Registered Agent, Inc.
1901 East Voorhees Street, Suite C
Danville, IL 61834
Via certified and regular mail

Mortgage Electronic Registration Systems, Inc.
Attn.: William Beckmann, President
1818 Library Street, # 300
Reston, VA 20190
Via certified and regular mail

Patrick S. Layng
Office of U.S. Trustee
Via electronic transmission through ECF

Lydia Meyer, Chapter 13 Trustee
Via electronic transmission through ECF

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 14-82228 |
| | ) | |
| Vicente Sandria and Reyna Nestor | ) | Judge: Hon. Thomas M Lynch |
| | ) | |
| Debtors, | ) | Chapter 13 |

## MOTION FOR FINAL DECREE

NOW COMES the Debtors, Vicente Sandria and Reyna Nestor, by and through their attorney, Arturo P. Gonzalez, and in support of their Motion for a Final Decree establishing that the junior mortgage lien of Mortgage Electronic Registration Systems, Inc., and/or HSBC Bank USA, National Association, and./or Ocwen Loan Servicing, LLC, "the Creditor" has been satisfied and the debt discharged, state as follows

1. The above captioned Chapter 13 bankruptcy case was filed on July 7, 2014.

2. The Debtor's Chapter 13 Plan provided in Sections E.3.2 and G that the Creditor's junior mortgage lien recorded against the Debtor's property would be treated as an unsecured claim and would be avoided because there is no value attaching to its lien.

Address of property:   68 Woodbine Drive, Crystal Lake, Illinois 60014

Legal description:   LOT 9 IN BLOCK 16 IN R. A. CEPEK'S CRYSTAL VISTA, BEING A SUBDIVISION OF PART OF SECTION 1; TOWNSHIP 43 NORTH, RANGE 7, EAST OF THE THIRD PRINCIPAL MERIDIAN AND PART OF SECTION 36, TOWNSHIP 44 NORTH, RANGE 7, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED FEBRUARY 11, 1927 AS DOCUMENT NO. 76823 IN BOOK 6 OF PLATS, PAGE 18, IN MCHENRY COUNTY, ILLINOIS.

Tax ID #:   18-01-103-018

Recording #:   2006R0056879

3. The Creditor did not object to the provisions of the Plan, and on September 12, 2014, this Honorable Court entered an Order confirming the Plan as filed.

4. In addition, on August 5, 2014, the Debtor filed a motion under Rule 3012 to determine the value of the Creditor's claim and find that the claim is unsecured and therefore should be avoided.

5.  The Creditor did not respond to the motion and on September 12, 2014, the Court entered an order finding that the Creditor's claim was wholly unsecured given the value of the property and the amount of the senior liens.

6.  The order also stated that the Creditor's claim would be created as a general unsecured claim and the lien would be deemed satisfied upon completion of the Chapter 13 Plan and entry of the Discharge Order. A copy of the order is attached hereto as exhibit "A."

7.  All conditions precedent required for the satisfaction of the lien have now been met since the Debtors have completed all Plan payments, received a discharge, and otherwise complied with all terms and condition of the Plan. The discharge order is attached hereto as Exhibit "B."

WHEREFORE, the Debtors, Vicente Sandria and Reyna Nestor, respectfully request that this Honorable Court enter an Order

1. Finding that the debt has been discharged and the mortgage lien has been satisfied and is of no further force or effect.
2. Directing Mortgage Electronic Registration Systems, Inc., HSBC Bank USA, National Association, and Ocwen Loan Servicing, LLC to release their lien against the Debtor's real property and for such and further relief as the Court may deem appropriate.
3. Providing that, if the Creditor fails to record a release of its lien, the Debtor may record a copy of the order to establish of record the relief herein provided.

Date:  October 27, 2016                              Vicente Sandria and Reyna Nestor


                                                     By: /s/ Arturo P. Gonzalez
                                                     Debtors' Attorney


Arturo P. Gonzalez
920 Davis Road
Suite 100
Elgin, IL  60123
847-841-7100 (tel)
888-959-2459 (fax)

Case 14-82228   Doc 24   Filed 09/12/14   Entered 09/12/14 14:18:38   Desc Main

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Western Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   14-82228 |
| Vicente Sandria | ) | |
| and | ) | Chapter: 13 |
| Reyna Nestor | ) | |
| | ) | Honorable Thomas M. Lynch |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER VALUING CLAIM OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., HSBC BANK USA, NATIONAL ASSOCIATION, AND OCWEN LOAN SERVICING, LLC**

On August 5, 2014, the debtor(s) filed a motion to value the claim of Mortgage Electronic Registration Systems, Inc., HSBC Bank USA, National Association, and Ocwen Loan Servicing, LLC (the "creditor") secured by a lien against the property commonly known as 68 Woodbine Drive, Crystal Lake, Illinois 60014 (address) with real estate tax pin number 18-01-103-018 (the "property"). The creditor has not responded to the motion.

IT IS HEREBY ORDERED that the relief requested in the motion in favor of the debtor(s) and against the creditor is granted as follows:

1. For purposes of the Chapter 13 plan only, any claims asserted by the creditor stemming from its second mortgage lien against the property are entirely unsecured pursuant to 11 U.S.C. § 506(a) given the value of the property and the amount of senior liens.

2. Any timely filed proof of claim of the creditor for the second mortgage lien will be treated as an unsecured claim in the Chapter 13 plan.

3. Upon completion of the Chapter 13 plan and entry of a discharge, the creditor's lien will be deemed satisfied pursuant 11 U.S.C. §§ 1322(b)(2), 1327 and 1328(a)

Enter: /s/ Thomas M. Lynch

Honorable Thomas M. Lynch
United States Bankruptcy Judge

Dated:  September 12, 2014

**Prepared by:**

Arturo P. Gonzalez
Attorney at Law
920 Davis Road, Suite 100
Elgin, IL 60123
(847) 841-7100



EXHIBIT A

This box will expand vertically to fit entered text.
Tab out of box to see expansion.

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Vicente Sandria | Social Security number or ITIN xxx-xx-2077 |
| | First Name   Middle Name   Last Name | EIN __-_____ |
| Debtor 2 (Spouse, if filing) | Reyna Nestor | Social Security number or ITIN xxx-xx-1742 |
| | First Name   Middle Name   Last Name | EIN __-_____ |
| United States Bankruptcy Court   Northern District of Illinois | | |
| Case number:   14-82228 | | |

# Order of Discharge     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Vicente Sandria
aka Vicente Sandria Montero

Reyna Nestor
aka Reyna Nestor Climaco

If the trustee has filed and served a notice pursuant to Bankruptcy Rule 3002.1(f), and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

October 26, 2016                                                For the court:   Jeffrey P. Allsteadt, Clerk
                                                                                United States Bankruptcy Court

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W  Chapter 13 Discharge                                            page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**